■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CHIARELLO, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Kings County (Booth, J.), rendered November 1, 1976, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) (by permission) from an order of the same court, upon a decision (deemed to be the order) dated April 3, 1979, which denied his motion pursuant to CPL art 440 to vacate the judgment. Judgment reversed, on the law, and new trial ordered. Appeal from the order dismissed as academic, in light of our determination on the appeal from the judgment. By a Kings County indictment, defendant and one other were charged, *inter alia,* with one count each of robbery in the first degree and robbery in the second degree. Each of these charges arose out of one alleged incident, i.e., on or about September 19, 1975, the defendant and codefendant, at knifepoint, robbed Joseph Galapo of money and a wallet. Prior to their joint trial, defendant and codefendant moved to suppress any identification testimony by the complainant, Galapo, the only eyewitness to the robbery. These motions were granted. Consequently, both moved to dismiss the indictment on the ground that, without the complainant's identification testimony, the People would be unable to prove a prima facie case. The People opposed these motions, stating that they had sufficient circumstantial evidence to sustain the indictment. At a bench conference in which both defense attorneys participated, the People made an offer of proof, to the effect that they would produce at trial the codefendant's mother, whose testimony would implicate her son in the robbery and place him in the company of the defendant on the night in question. The court accepted the People's offer of proof and denied the defense motions to dismiss the indictment. In doing so, Criminal Term also imposed a "gag rule" on defense counsel. Both attorneys were directed not to divulge to anyone the information presented to the court by the People, nor its source. In our opinion, Criminal Term's "gag rule" denied defendant the effective assistance of counsel (see US Const, 6th Amdt). By the People's own representation, the evidence to be offered by codefendant's mother was critical to its case, especially in view of the suppression of the complainant's identification testimony. And yet, defendant's attorney was prohibited from discussing it with anyone, including his client. Thus, once having obtained such critical information, defendant's

attorney was precluded from conducting a thorough investigation regarding said information, and was ultimately prevented, to his client's prejudice, from adequately preparing for trial. We are also of the opinion that the People may have subverted Criminal Term's order suppressing the complainant's identification testimony by questioning him at trial concerning his observation of defendant in custody at the police precinct. As a result of this questioning, the complainant made an in-court identification of defendant as "the prisoner" being detained by the police officer investigating the robbery. Hopkins, J. P., Mangano, Margett and Weinstein, JJ., concur.